

**THE CITY OF NEW YORK**

**Muriel Goode-Trufant**
*Acting Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Jessica Katzen**
Tel: (212) 356-1646
e-mail: jkatzen@law.nyc.gov

September 3, 2024

**By ECF**
The Honorable Allyne R. Ross
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza E
Brooklyn, New York 11201

   Re: Raffique Khan v. New York City, et al., 1:24-cv-02168 (ARR) (JAM)

Your Honor:

  I am Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, and one of the attorneys for Defendants City of New York ("City"), Eric L. Adams, Edward A. Caban, Michael Gerber, Rohan Griffith, Joseph Astarita, and Matthew S. Bessen ("Defendants") in the above-referenced action. Pursuant to Your Honor's Individual Practices and Rules, Defendants write to request a pre-motion conference regarding Defendants' anticipated motion to dismiss the First Amended Complaint ("FAC") pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure ("FRCP").

  By way of brief background, Plaintiff asserts a number of constitutional claims stemming from his alleged unlawful arrest on November 26, 2023 and the temporary seizure of his firearm and suspension of his firearm license pending review of the incident. For the reasons stated below, Plaintiff's First, Third, Fifth, and Sixth Causes of Actions should be dismissed for failure to state a claim.

  First, Plaintiff has failed to state a valid Equal Protection Claim and his First Cause of Action should be dismissed. "To establish a violation of the Equal Protection Clause based on selective enforcement, a plaintiff must ordinarily show the following: (1) that the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." McCollum v. City of New York, 16-CV-5272 (LDH), 2020 U.S. Dist. LEXIS 221433 at *8 n.4 (E.D.N.Y. Nov. 25, 2020). Here, Plaintiff fails to allege any facts that could support that he was purportedly treated

differently from similarly situated individuals, nor does he otherwise expound on the "differential treatment" he experienced. See Geller v. Hochul, No. 20-CV-4653 (ER), 2021 U.S. Dist. LEXIS 183367, 36-40 (S.D.N.Y. Sept. 24, 2021). Plaintiff only makes vague and conclusory allegations that he was singled out because of his race, which falls below the watermark for acceptable pleadings, and warrants dismissal of this claim. See Selvam v. United States, 570 F. Supp. 3d 29, 43 (E.D.N.Y. 2021).

Second, Plaintiff fails to state a claim for municipal liability. Plaintiff has not sufficiently pleaded a "policy or practice" to establish a municipal liability claim. See Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978). To establish "the existence of a municipal policy or custom," Plaintiff "must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." Triano v. Town of Harrison, 895 F. Supp. 2d 526, 535 (S.D.N..Y 2012). Here, Plaintiff's municipal liability claims rely on a single instance, which is wholly insufficient to establish a widespread policy and practice. See Dyno v. Village of Johnson City, 240 Fed. Appx. 432, 434 (2d Cir. 2007). Plaintiff's allegations also cannot support a claim for municipal liability under the theory of failure to train, because Plaintiff's conclusory allegations do not meet the stringent "deliberate indifference" standard. See City of Canton v. Harris, 489 U.S. 378, 388 (1989); Connick v. Thompson, 563 U.S. 51, 62 (2011). Plaintiff has not plausibly alleged a pattern of unlawful conduct, given that the FAC hinges on a single instance of purported misconduct and is devoid of any evidence establishing a specific training deficiency at NYPD. As such, Plaintiff's Third Cause of Action, and all claims against the City and Defendants Adams, Caban, Gerber, Griffith, and Astarita, named in their official capacities, should be dismissed entirely.

Assuming arguendo, that Plaintiff is able to establish a municipal liability claim, the claims against Defendants Adams, Caban, Gerber, and Griffith, named solely in their official capacities, are redundant and duplicative and should be dismissed. "A suit for damages against a municipal officer *in their official capacity* is equivalent of a damage suit against a municipality itself." Escobar v. City of New York, 1:05-cv-3030, 2007 WL 1827414, *9–*10 (E.D.N.Y. June 24, 2007) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)). "Based upon the understanding that it is duplicative to name both a government entity and the entity's employees in their official capacity, courts have routinely dismissed corresponding claims against individuals named in their official capacity as redundant and an inefficient use of judicial resources." Id. at *10 (internal quotations omitted). Here, Defendants Adams, Caban, Gerber, and Griffith are solely named for their roles as policymakers. As such, the claims against these Defendants are "merely duplicative of the action against the City" and should be dismissed. Id. at *10 (quoting Nogue v. City of New York, 98-cv-3058, 1999 WL 669231, *7 n. 13 (E.D.N.Y. Aug. 27, 1999)). See also Daytree at Cortland Square, Inc. v. Walsh, 332 F.Supp.3d 610, 640 (E.D.N.Y. 2018); Petruso v. Schlaefer, 474 F.Supp.2d 430, 441 (E.D.N.Y. 2007); Longo v. Suffolk County Police Dep't, 429 F.Supp.2d 553, 558 n. 1 (E.D.N.Y. 2006).

Moreover, Plaintiff's claims against Defendant Astarita, named in both his official and individual capacities, should be dismissed. First, for the reasons stated above, Plaintiff's claims against Defendant Astarita in his official capacity are duplicative and redundant. Furthermore, Plaintiff's claims against Defendant Astarita in his individual capacity fail because the FAC does not plausibly allege that Defendant Astarita was personally involved in conduct allegedly giving

rise to the causes of action. To that end, there are no facts suggesting that Astarita was responsible for the temporary suspension of Plaintiff's license or had final authority to restore his license. Instead, the FAC merely alleges that Defendant Astarita communicated with Plaintiff via email and explained that Plaintiff's firearm was under investigation, where supervisors would make a decision about the license. See id. ¶ 91. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006). See also Victory v. Pataki, 814 F.3d 47, 67 (2d Cir. 2016). "[W]here the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." Dove v. Fordham Univ., 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) (quotations and citations omitted). As such, the allegations in the FAC are insufficient to sustain liability under § 1983, and claims against Defendant Astarita should be dismissed.

Additionally, Plaintiff's vague and conclusory allegations of a purported "conspiracy" are insufficient to support a claim, and the Fifth Cause of Action should be dismissed. As initial matter, any alleged conspiracy between the defendant officers fails as a matter of law under the intra-corporate conspiracy doctrine. Pursuant to the intra-corporate conspiracy doctrine, "officers, agents, and employees of a single corporate or municipal entity, each acting within the scope of his or her employment, are legally incapable of conspiring with each other." Dunlop v. City of New York, 06 Civ. 0433 (RJS), 2008 U.S. Dist. LEXIS 38250, at *29-*30 (S.D.N.Y. May 6, 2008) (finding NYPD defendants to be incapable of conspiring with one another as all are employees of the City and more narrowly, NYPD). More importantly, Plaintiff's allegations regarding the existence of this conspiracy are conclusory, and do not set forth any "facts tending to show agreement and concerted action." McIntyre v. Longwood Central School Dist., 07 Civ. 1337 (JFB), 2008 U.S. Dist. LEXIS 59590, at *11 (E.D.N.Y. Mar. 27, 2008). Finally, Plaintiff's Sixth Cause of Action, "Appointment of a Monitor," is not a cause of action but a request for relief, and, thus, should be dismissed.

For the reasons set forth above, Defendants respectfully request a pre-motion conference to discuss their anticipated Rule 12 motion to dismiss[1]. To the extent the Court is inclined to forgo a pre-motion conference, Defendants propose the following briefing schedule:

- Defendant's Motion Papers .........................October 16, 2024
- Plaintiff's Opposition ..................................November 6, 2024
- Defendant's Reply .......................................November 20, 2024

Thank you for your consideration of this request.

Respectfully submitted,

*Jessica Katzen*

Jessica Katzen
Assistant Corporation Counsel

---

[1] Defendants reserve their right to move on other grounds.