# YANNACONE & YANNACONE
A New York Professional Corporation

326 South Ocean Avenue · Patchogue, NY 11772

Victor J. Yannacone (1906–1982)
Victor John Yannacone, jr.

October 8, 2024

Hon. Joseph A. Marutollo, USMJ
Eastern District of New York
United States Courthouse
225 Cadman Plaza
East Brooklyn, New York 11201

> re   Motion to Compel and/or sanction New York City Defendants for failure to disclose records responsive to the Court Ordered CPL § 160.50 release
>
> *Raffique N. Khan* v. *New York City et al.*
>
> **24-cv-02168**-ARR-JAM

Dear Judge Marutollo:

Pursuant to your Rule V. B. Plaintiff, by his attorneys, submit the following as a pre-motion letter prior to making a formal Motion to Compel, if not Sanction, the New York City Defendants for failure to disclose records responsive to the Court Ordered CPL § 160.50 release and seeking an Order Directing Defendants to produce the entire file and/or files in their possession and/or subject to the possession and control of the offices of any District Attorney of any Borough or County of New York City which relate to the Plaintiff or the subject matter of this litigation and Directing Defendants to produce the entire file and/or files in the possession and/or subject to the control of the Defendant New York City Police Department (NYPD) which reference or relate to Plaintiff or the subject matter of this litigation and a further Order requiring the production of the materials requested below under threat of contempt of court and pursuant to Fed.R.Civ.P. Rule 37 for appropriate relief, inclusive of the striking Defendants' answer. .Plaintiff certifies that this application is made in compliance with Local Civil Rule 37.1 and Local Civil Rule 5.1.

A telephone Meet & Confer (M&C) finally took place on September 30, 2024. Nikki Slattery and Jessica Katzen represented the Defendant City of New York and the undersigned and attorney Cory H. Morris represented the Plaintiff.

Counsel for Defendants stated that they had not yet received the files requested from the New York City Police Department and therefore were unable to produce them to the Plaintiff. They also stated that they were not finished examining the file they had already received from the District Attorney and that they would produce it when they were finished reviewing it. They refused to offer any day certain for the completion of their review of the District Attorney file.

516–551–0764                                             barrister@yannalaw.com

# YANNACONE & YANNACONE
A New York Professional Corporation

October 8, 2024 —page 2—

## PROCEDURAL HISTORY

This is a case that involves the false arrest of SSgt Raffique N. Khan who holds a Broze Star for valor and a Purple Heart for combat duty with the United States Army in Afghanistan. At the time of his arrest, he held valid firearms licenses issued by New York City and worked as a federal law enforcement officer. (https://bit.ly/3ZoFiiS). The Second Amended Complaint (D.E. 48) is detailed, verified and contains 13 exhibits. The complaint names a police officer who "has had 36 complaints filed against him with over the past five years since joining the NYPD. Corporation Counsel states that there is no pattern, practice or policy of unconstitutional practices in New York City government and is vigorously protecting Defendant former Police Commissioner from deposition. See. https://www.thecity.nyc/2024/09/13/caban-watered-down-nypd-punishments-as-final-act/)

Defendants were served a litigation hold notice and "the obligation to [locate relevant evidence] runs first to counsel, who then has a duty to advise and explain to the client its obligations." *Telecom Int'l Am. Ltd.* v. *AT & T Corp.,* 189 F.R.D. 76, 81 (S.D.N.Y. 1999). Defendants failed to obtain documents responsive to valid, clear, requests. Such failure to respond should result in a contempt finding. Rule 37 sanctions "protect other parties to the litigation from prejudice resulting from a party's noncompliance..." *S. New England Tel. Co.* v. *Global NAPs Inc.*, 624 F.3d 123, 149 (2d Cir. 2010) (internal quotation marks and citations omitted).

Should defense counsel continue to violate Court Orders, the Federal Rules of Civil Procedure and local rules of this Court and this Magistrate, while contumaciously refusing to cooperate in discovery, the Court should simply strike Defendants' answer. *See, e.g., Everhome Mortg. Co. v. Charter Oak Fire Ins. Co.,* No. 07-cv-98, 2011 U.S. Dist. LEXIS 105402 (E.D.N.Y. Apr. 18, 2011) (Report and Recommendation), *adopted,* 2011 U.S. Dist. LEXIS 102244 (E.D.N.Y. Sept. 12, 2011) (entering a default judgment against a party who consistently refused to respond to discovery requests; violated court orders; and ceased communicating with her counsel); *Gumwand, Inc. v. Gum Wand, Ltd.,* No. 15-cv-707, 2016 U.S. Dist. LEXIS 155852 (E.D.N.Y. Oct. 13, 2016; *Silverman & Silverman, LLP,* 2014 U.S. Dist. LEXIS 102015.

### DEFENDANTS FLAUNT THE FEDERAL AND LOCAL RULES GOVERNING PRODUCTION

Defendants frustrate discovery by simply refusing to comply with rules governing disclosure and to identify documents responsive to discovery demands. "[T]he responding party must 'state with specificity' the grounds, if any, for objecting to the request, and, if there is an objection, 'state whether any responsive materials are

516−551−0764     barrister@yannalaw.com

# YANNACONE & YANNACONE
A New York Professional Corporation

October 8, 2024 –page 3–

being withheld on the basis of that objection.' " *Winfield* v. *City of New York*, 2017 WL 5664852 (S.D.N.Y. 2017) (quoting Fed. R. Civ. P. 34(b)(2)(B)-(C); see also *City of Hartford* v. *Monsanto Co.,* 2017 U.S. Dist. Lexis 181641, *4, n.1., (D. Conn. Nov. 2, 2017).

The conduct of the Defendants and Counsel for Defendants has forced Plaintiff to make this application to the Court.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ... ." Rule 26(b)(1) Fed.R.Civ.P. " '[T]he burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship.' " *Von Bulow by Auersperg* v. *von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987) (quoting *In re Grand Jury Subpoena Dated Jan. 4, 1984*, 750 F.2d 223, 224 (2d Cir. 1984). Thus, the party seeking to invoke the privilege must establish all elements of the privilege. *Bowne of NYC, Inc.* v. *AmBase Corp.*, 150 F.R.D. 465, 470 (S.D.N.Y. 1993) (Dolinger, M.J.) (collecting cases). Defendants should not benefit from delay, rule violation and discovery obfuscation. An appropriate sanction should issue, addressing the time spent by all sides reviewing incomplete productions and guessing what else is out there.

## CONCLUSION

Defendants have unduly delayed the resolution of this case on the merits and Plaintiff respectfully requests that this Court strike Defendant's answer or hold Defendants in contempt of Court. "The Federal Rules of Civil Procedure are merits oriented," *DaCosta* v. *Tranchina*, 285 F.Supp.3d 566, 578 (E.D.N.Y. 2018) and "decisions on the merits are not to be avoided on the basis of 'mere technicalities.' " *Schiavone* v. *Fortune*, 477 U.S. 21, 27, 106 S. Ct. 2379, 2383, 91 L. Ed. 2d 18 (1986) (quoting *Foman* v. *Davis*, 371 U.S. 178, 181, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962)),

The Federal Rules of Civil Procedure were put in place "to secure the just, speedy, and inexpensive determination of every action." See Rule 1, Fed. R. Civ. P.. Defendant has violated this rule. Counsel for Defendants on behalf of New York City and the individual Defendants they represent has caused Plaintiff to run around in ever diminishing circles and their conduct will continue until this Court orders some meaningful relief to sanction the behavior of New York City in this case.

/s *Victor John Yannacone, jr.* /s

Victor John Yannacone, jr., *of counsel*

516–551–0764 barrister@yannalaw.com