UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

RAFFIQUE N. KHAN,

Plaintiff,

-against-

NEW YORK CITY, ERIC L. ADAMS, Mayor, New York City, in his official capacity; NEW YORK CITY POLICE DEPARTMENT (NYPD), EDWARD A. CABAN, Police Commissioner, in his official capacity; MICHAEL GERBER, Deputy Commissioner of Legal Matters (DCLM), in his official capacity; INSPECTOR ROHAN GRIFFITH, Commanding Officer, 75th Precinct, in his official capacity; NYPD OFFICER MATTHEW S. BESSEN, Shield No. 14934; NYPD OFFICER NOAH NICHOLSON, Shield No. undisclosed by NYC at this time; NYPD Sergeant Patrick Hughes, Shield No. undisclosed by NYC at this time; NYPD Officer Jospeh Jacobsen, Shield No. undisclosed by NYC at this time; NYPD OFFICER THOMAS COSTIGAN, Shield No. undisclosed by NYC at this time; NYPD OFFICER JEISON JARA, Shield No. undisclosed by NYC at this time; NYC OFFICER MOHAMED ELDIASTY, Shield No. undisclosed by NYC at this time, and NYPD OFFICER JOSEPH ASTARITA, Shield No. 6964 and NYPD employees JOHN and JANE DOES Nos. 1-10, of "DG_LIC-Incidents," "DG_LIC-Hearings-Appeals involved in refusing to return the firearms unlawfully seized from Raffique N. Khan, and/or defacing said firearm and magazine,

Defendants.

24 CV 2168 (ARR) (JAM)

---------------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

MURIEL GOODE-TRUFANT
Acting Corporation Counsel of the City of New York
*Attorney for Defendants City, Adams, Caban, Gerber, Griffith, and Bessen*
100 Church Street
New York, New York

QIANA SMITH-WILLIAMS
MICHELLE GOLDBERG-CAHN
NIKI SLATTERY
JESSICA KATZEN
Of Counsel

November 5, 2024

Defendants City of New York ("City"), Eric Adams, Edward Caban[1], Michael Gerber, Rohan Griffith, Matthew Bessen, and Joseph Astarita ("Defendants"),[2] by their attorney, Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, submit this memorandum of law in support of their motion for a protective order to preclude the depositions of former Commissioner of the New York City Police Department ("NYPD") Edward Caban and current NYPD Deputy Commissioner of Legal Matters Michael Gerber.

## PRELIMINARY STATEMENT

Defendants submit this memorandum of law in support of their motion for a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("FRCP"), to preclude the deposition of former Police Commissioner Edward Caban ("former Commissioner Caban") and NYPD Deputy Commissioner of Legal Matters Michael Gerber ("Deputy Commissioner Gerber") in this action. See Ex. C. This action arises from the arrest of Plaintiff Raffique Khan on November 26, 2023 for alleged violations of his concealed carry license, and subsequent temporary suspension of Plaintiff's firearm licenses by the NYPD License Division as they investigated the arrest. Plaintiff brings various federal law claims, including false arrest, malicious prosecution, and conspiracy, as well as violations of the Second Amendment and Equal Protection Clause.

---

[1] Plaintiff named then-NYPD Commissioner Edward A. Caban as a defendant in his official capacity as Police Commissioner. The current Acting Police Commissioner is Thomas G. Donlon, appointed on September 13, 2024. Pursuant to FRCP 25(d), the successor of a public officer is automatically substituted as a party when the originally named public officer "ceases to hold office while the action is pending."

[2] On October 4, 2024, Plaintiff filed a Second Amended Complaint naming six (6) additional individual defendants, Noah Nicholson, Patrick Hughes, Joseph Jacobsen, Thomas Costigan, Jeison Jara and Mohamed Eldiasty. According to a review of the civil docket, these six individual defendants have not yet been properly served.

Plaintiff demands that former Commissioner Caban and Deputy Commissioner Gerber set aside hours from their very busy schedules for a deposition despite the fact that they are named in their official capacities only, despite that there are no allegations against them directly, and despite that Plaintiff has not proffered any reason for their depositions, other than their high-ranking positions. However, the law does not allow the depositions of high-ranking officials unless there is a showing of exceptional circumstances, and Plaintiff has utterly failed to meet that burden. Not only has Plaintiff not shown that former Commissioner Caban and Deputy Commissioner Gerber have any unique, first-hand knowledge of information necessary for his case, Plaintiff also has not established that the information he seeks cannot be obtained in a less burdensome manner. Therefore, this motion for a protective order should be granted.

## ARGUMENT

### A PROTECTIVE ORDER SHOULD BE ISSUED TO PRECLUDE THE DEPOSITION OF FORMER COMMISSIONER CABAN AND DEPUTY COMMISSIONER GERBER BECAUSE PLAINTIFF HAS NOT SHOWN "EXCEPTIONAL CIRCUMSTANCES"

Defendants move for a protective order of the former Commissioner Caban and Deputy Commissioner Gerber's depositions pursuant to FRCP 26(c) on the basis that they will cause undue burden and Plaintiff has not met his burden of showing that there are "exceptional circumstances" necessitating their testimony. Former Commissioner Caban was, and Deputy Commissioner Gerber is, a high-ranking government official. It is well-settled that high-ranking governmental officials should not be called for a deposition unless a party can show "exceptional circumstances" for such deposition. Lederman v. N.Y. City Dep't of Parks & Rec., 731 F.3d 199, 203 (2d Cir. 2013), cert. denied, 134 S. Ct. 1510 (2014). The Second Circuit has explained that exceptional circumstances means that either (1) "the official has unique first-hand knowledge"

relevant to the claims or (2) "that the necessary information cannot be obtained through other, less burdensome or intrusive means." Id.

Courts in the Second Circuit frequently issue protective orders to prevent depositions of high-ranking government officials when these factors are not met. See, e.g., Chin v. N.Y.C. Dep't of Corr., 23-cv-5268, 2024 U.S. Dist. LEXIS 130878 (E.D.N.Y. Jul. 24, 2024) (granting protective order precluding the depositions of former Commissioner and former Chief of Department in case alleging discrimination by warden where plaintiff could not establish extraordinary circumstances); Boggs v. Town of Riverhead, 2:17-cv-05411, 2022 U.S. Dist. LEXIS 70133 (E.D.N.Y. Apr. 20, 2020) (precluding deposition of Town's Chief of Police where Chief did not possess any unique first-hand knowledge related to the claims); Gil v. County of Suffolk, 06-cv-1683, 2007 U.S. Dist. LEXIS 50931, *4 (E.D.N.Y. Jul. 13, 2007) (granting motion for protective order to prevent the deposition of former Suffolk County Police Commissioner where former Police Commissioner submitted an affidavit indicating that he lacks personal knowledge of the events in question.); Murray v. County of Suffolk, 212 F.R.D. 108 (E.D.N.Y. 2002) (precluding deposition of Suffolk County Police Commissioner where there was nothing to suggest that the information sought from the Commissioner was unavailable from other sources).

It is also well established that a high-ranking official's role as the ultimate decision-maker regarding a challenged policy "is not a sufficiently exceptional circumstance to compel a deposition." Murray, 212 F.R.D. at 109–10 (rejecting request to compel the deposition of a police commissioner in a Monell case on the ground that he had ultimate decision-making authority regarding departmental policy). See also Universal Calvary Church v. City of New York, 96-cv-460, 1999 U.S. Dist. LEXIS 8095, *7 (S.D.N.Y. June 2, 1999) (rejecting request to compel deposition of mayor and police commissioners in case involving Monell claim on sole basis that

they were policy makers). Moreover, this test is not satisfied by merely showing that the testimony will yield relevant evidence; in addition to being unique to the high-ranking official, the evidence sought must be essential to the plaintiff's case. See Richmond Boro Gun Club, Inc. v. City of New York, 92-cv-0151, 1992 U.S. Dist. LEXIS 15983, *3-5 (E.D.N.Y. Oct. 13 1992) (distinguishing between relevant and essential testimony).

The exceptional circumstances standard applies with equal force to former high-ranking government officials. See In re N.Y.C. Policing During Summer 2020 Demonstrations, 677 F.Supp.3d 206, 208 (S.D.N.Y. 2023) ("While the rationale for the decision in Lederman rested on part on the official's current duties and time constraints, case law makes clear that the doctrine applies to 'former high ranking officials' as well as on the theory that '[s]ubjecting former officials decision-making processes to judicial scrutiny and the possibility of continued participation in lawsuits years after leaving public office would serve as a significant deterrent to qualified candidates for public service.'") (quoting In re Terrorist Attacks on September 11, 2001, 03-MD:-01570, 2020 U.S. Dist. LEXIS 166886, *12 (S.D.N.Y. Aug. 27, 2020) (citations omitted)); Presti v. City of New York, 609 F.Supp.3d 204, 207 (E.D.N.Y. 2022) ("The doctrine applies to both former and current high-ranking officials"); Gil v. County of Suffolk, 06-cv-1683, 2007 U.S. Dist. LEXIS 50931, *4 (E.D.N.Y. Jul. 13, 2007) ("The depositions of former government officials are granted where the official has been personally involved in the events at issue in the case."); Gibson v. Carmody, 89-cv-5358, 1991 U.S. Dist. LEXIS 11225, *2 (S.D.N.Y. Aug. 14, 1991) ("taking the depositions of present or former government officials at the level of Police Commissioner should not be lightly granted" unless the officials "personally participated" in incidents underlying the case). See, e.g., Herrera v. N.Y. City Dep't of Educ., 1:21-cv-7555, 2022 U.S. Dist. LEXIS 10707 (S.D.N.Y. June 15, 2022) (compelling deposition of Mayor de Blasio in case regarding alleged

race-based employment policy because plaintiff met burden of showing Mayor had unique first-hand knowledge where depositions of other officials reflected that the Mayor was very focused on issues of diversity and hiring, and other witnesses gave conflicting answers about whether de Blasio directed agency to reflect a certain amount of diversity); Raba v. Suozzi, 2007 U.S. Dist. LEXIS 111253 (compelling deposition of Deputy Executive for Operations where plaintiffs established, through testimony of other parties involved, that the Deputy Executive was personally involved in issue at hand, terminating overtime and off-duty pay supplements to Board members, and he was the only individual who could testify as to the reasons behind that decision).

As the party seeking these depositions, it is Plaintiff's burden to prove that he meets the exceptional circumstances standard before he can be allowed to depose the former Police Commissioner and current Deputy Commissioner of Legal Matters. See Presti 609 F. Supp.3d at 207 (granting City's motion for a protective order to prevent former Mayor de Blasio's deposition, because plaintiffs could not establish that Mayor de Blasio had first-hand knowledge, and did not establish that there was no alternative source of the information sought); Todd v. Hatin, 2:13-cv-05, 2014 U.S. Dist. LEXIS 151832, *2 (D. Vt. Oct. 23, 2014) (granting protective order to bar deposition of Commissioner of Vermont Department of Corrections because Plaintiff failed to meet its burden to show there are exceptional circumstances); Marisol A. v. Giuliani, 95-cv-10533, 1998 U.S. Dist. LEXIS 3719, *8 (S.D.N.Y. Mar. 23, 1998) (granting motion to quash former Mayor Giuliani's deposition because plaintiffs failed to meet their burden).

This rule is based upon strong public policy considerations. The deposition of a high-ranking government official "must not hinder the official's ability to perform his or her duties." Adler v. Pataki, 2001 U.S. Dist. LEXIS 18428 at *4, (N.D.N.Y. Nov. 13, 2001). This Court has warned that "depositions of high-ranking government officials as a matter of course

when their agencies are sued over one of their policies would create a tremendous potential for abuse or harassment, and would likely discourage people from accepting Government positions." Chin, 2024 U.S. Dist. LEXIS at *11 (internal citations omitted). See also Marisol A., 1998 U.S. Dist. LEXIS 3719 at *10 ("In weighing the concerns of those seeking depositions of government officials, courts must place 'reasonable limits' so as to conserve the time and energies of public officials and prevent the disruption of the primary functions of the government.") (internal citations omitted). The Second Circuit has recognized that high-ranking officials have "greater duties and time constraints than other witnesses," and that "[i]f courts did not limit these depositions, such officials would spend 'an inordinate amount of time tending to pending litigation.'" Lederman, 731 F.3d at 203 (quoting In re United States (Kessler), 985 F.2d 510, 512 (11th Cir. 1993) and Bogan v. City of Bos., 489 F.3d 417, 423 (1st Cir. 2007)). Because of these strong policy considerations, Courts strictly enforce the exceptional circumstance standard. See Gil, 2007 U.S. Dist. LEXIS at *4 ("the depositions of former high ranking government officials should not be lightly granted.").

Here, Plaintiff has failed to demonstrate exceptional circumstances. In fact, in the joint status report on discovery, dated October 28, 2024, Plaintiff fails to put forth any reason for seeking former Commissioner Caban's or Deputy Commissioner Gerber's deposition. See Dkt. Entry. No. 58. Plaintiff has failed to provide any reason to believe that former Commissioner Caban or Deputy Commissioner Gerber, high ranking officials who oversaw hundreds of staff and responded to high-level matters, would have personal knowledge of an isolated arrest or investigation into a firearm license. Former Commissioner Caban and Deputy Commissioner Gerber were both named as defendants in their official capacities only, and neither the Complaint, First Amended Complaint, or Second Amended Complaint contain any specific allegations

involving these defendants. It can be inferred that Plaintiff seeks to depose these defendants solely based on their job titles and positions as policymakers.

Plaintiff has not, and cannot show, that former Commissioner Caban or Deputy Commissioner Gerber had involvement in the arrest, charges, or investigation giving rise to the claims in this action. At the time of the incidents giving rise to this action, both former Commissioner Caban and Deputy Commissioner Gerber were high-ranking officials who oversaw hundreds of staff members. Because of their high level positions, neither would have typically been made aware of single, isolated arrests or investigations.[3] For these high-ranking officials to be deposed in this matter, of which they have no personal knowledge, would be burdensome.

Defendant Gerber serves as a general counsel for the NYPD, provides legal guidance on all aspects of NYPD's operations, and advises all NYPD bureaus, including executive staff. Public policy warns against compelling depositions of high-ranking officials when they would interfere with the official's ability to perform their duties. See Adler v. Pataki, 2001 U.S. Dist. LEXIS 18428 at *4. While former Commissioner Caban is no longer a high-ranking official, the exceptional circumstances standard applies to his deposition with equal force, and courts have recognized that subjecting former high-ranking officials to depositions where they do not have unique first-hand knowledge is strongly disfavored, as it would deter qualified candidates from entering public service. See In re N.Y.C. Policing During Summer 2020 Demonstrations, 677 F.Supp.3d at 208.

Knowledge of NYPD policies and practices by virtue of their job titles is not sufficient reason to establish exceptional circumstances for why former Commissioner Caban and

---

[3] Defendants reserve the right to supplement this motion with sworn statements from former Commissioner Caban and Deputy Commissioner Gerber.

Deputy Commissioner Gerber should be deposed. See Murray, 212 F.R.D. at 109–10. Nonetheless, Plaintiff has alleged merely ill-defined, unsupported policies and practices, and therefore cannot establish that former Commissioner Caban or Deputy Commissioner Gerber are knowledgeable about such purported policies. Plaintiff also cannot show that there are not other individuals at the NYPD that have knowledge of any alleged policies giving rise to Plaintiff's claims. Finally, Plaintiff has not only failed to explain with any precision what information they seek to obtain from deposing former Commissioner Caban and Deputy Commissioner Gerber, he also has not established why these two defendants have information or knowledge that cannot be obtained in a less burdensome manner.

In fact, there are other witnesses that Plaintiff will be deposing, or that Plaintiff can depose, that have first-hand information related to their claims. In particular, Defendants have offered to produce the arresting officer, Defendant Matthew Bessen, who can testify with unique first-hand knowledge to Plaintiff's arrest, but Plaintiff has declined to depose him.[4] Plaintiff will be deposing Officer Astarita, a member of the NYPD License Division who personally investigated Plaintiff's arrest for the purpose of determining whether Plaintiff's firearm licenses should be continued. Therefore, there are no exceptional circumstances that would justify the deposition of former Commissioner Caban and Deputy Commissioner Gerber in this action, and the protective order should be granted.

This case is similar to Presti v. City of New York. In Presti, the plaintiffs alleged that police officers and sheriff deputies violated the rights of restaurant owners by blocking their entry into the restaurant to enforce COVID-19 restrictions, and like here, plaintiffs raised false

[4] Plaintiff has also noticed Officers Costigan, Jacobsen, and Nicholson and Sergeant Hughes for deposition, but at this time they have not been properly served. If these individuals are served, Defendants will produce them for deposition.

arrest and Monell claims. Plaintiffs sued former Mayor de Blasio in his official capacity only, and sought to depose him after his term as mayor had concluded. The Court explained that "[a]s a threshold matter, the fact that de Blasio is a named defendant in the case does not entitle Plaintiffs to his deposition" as "the suit is against him in his official, not personal, capacity." 609 F.Supp.3d at 206. The Court also found that Plaintiffs "cannot establish first-hand knowledge, let alone 'unique' knowledge" and even if the Mayor created the policy that was the basis of their Monell claim, that "does not provide an entitlement to the deposition of de Blasio." Id. at 207–08. Finally, the Court found that plaintiffs had not established that only de Blasio had the information they sought, and because plaintiffs failed to meet the burden to show exceptional circumstances, the City's motion for a protective order was granted. See id. at 209. Similarly, here, Plaintiff has failed to establish exceptional circumstances for deposing high-ranking government and former government officials about a single, isolated incident. Plaintiff has neither shown how former Commissioner Caban or Deputy Commissioner Gerber have unique, first-hand knowledge of information relevant to their claims, nor shown that such information cannot be obtained through other less burdensome or intrusive ways, let alone even "identify with particularity the information they need[]." Lederman, 731 F.3d at 203.

As Plaintiff has failed to meet his burden of showing exceptional circumstances, a protective order precluding the depositions at issue should be granted. [5]

[5] In the event that this motion is denied, Defendants respectfully request that depositions be delayed until after a decision is rendered on Defendants' Rule 12 motion. This Court has stayed discovery on Plaintiff's Monell claim, see Text Minute Entry and Order, dated Sep. 23, 2024, and as defendants Caban and Gerber do not have personal knowledge relating to Plaintiff's claims, all potentially relevant testimony would go to Plaintiff's Monell claim. Defendants plan to move to dismiss the Monell claim, and as such, depositions of high-ranking officials on a claim that is likely to be dismissed from the case would be a waste of time and resources.

## **CONCLUSION**

For the reasons stated above, Defendants' motion for a protective order to prohibit the depositions of former Commissioner Caban and Deputy Commissioner Gerber should be granted.

Dated: New York, New York
November 5, 2024

MURIEL GOODE-TRUFANT
Acting Corporation Counsel of the
City of New York
*Attorney for Defendants City, Adams, Caban, Gerber, Griffith, Astarita, and Bessen*
100 Church Street, Room 5-161
New York, New York 10007
(212) 356-1646

By: ______/s/________________________
Niki Slattery
Jessica Katzen
Assistant Corporation Counsels