UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
RAFFIQUE N. KHAN,

        Plaintiff,       **OPINION & ORDER**

  v.                 24-CV-2168
                         (Ross, J.)
NEW YORK CITY, *et al.*,         (Marutollo, M.J.)

        Defendants.

-----------------------------------------------------------------------x

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

  Plaintiff Raffique N. Khan brings this action alleging, *inter alia*, violations of his constitutional rights arising from a traffic stop, arrest, and the subsequent seizure of his firearm by members of the New York City Police Department. *See* Dkt. Nos. 1, 48. Plaintiff asserts that his arrest lacked probable cause, was motivated by racial profiling, and reflects systemic discrimination against people of color, particularly in the enforcement of firearm laws. *See* Dkt. Nos. 1, 48.

  Currently before the Court is a motion to withdraw as counsel and to affix a retaining lien and charging lien filed by Plaintiff's attorneys, Cory H. Morris of the Law Offices of Cory H. Morris and Victor John Yannacone, Jr. of Yannacone & Yannacone PC (together, "Outgoing Counsel"). *See* Dkt. No. 70. For the reasons explained below, Outgoing Counsel's motion is **GRANTED** in part and **DENIED** in part.

**I. Background**

  Plaintiff, represented by Outgoing Counsel, commenced this lawsuit on March 25, 2024, alleging violations of 42 U.S.C. §§ 1981, 1983, 1985, and 1986, as well as the Second, Fourth, and Fourteenth Amendments to the United States Constitution. *See* Dkt. No. 1. Plaintiff's complaint names the City of New York, the Mayor of the City of New York Eric Adams, former NYPD

Commissioner Edward Caban, current Deputy Commissioner Michael Gerber, Inspector Rohan Griffith, Officer Matthew Bessen, and Officer Joseph Astarita as defendants (collectively, "Defendants").[1]  *Id.*  The complaint asserts municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), citing alleged failures to train and supervise NYPD officers.  *Id.*

Plaintiff filed an amended complaint on May 21, 2024.  *See* Dkt. No. 17.

On July 25, 2024, the parties appeared before the undersigned for an initial conference, and the Court set a fact discovery deadline of November 15, 2024.[2]  *See* July 25, 2024 Dkt. Entry.  On September 23, 2024, the Court stayed discovery on Plaintiff's *Monell* claims pending resolution of Defendants' anticipated motion to dismiss.  *See* Sept. 23, 2024 Dkt. Entry.

On October 2, 2024, the Court granted Plaintiff leave to file a second amended complaint, which named additional NYPD officers as defendants.  *See* Dkt. No. 48.

On October 17, 2024, the Court set a briefing schedule for Defendants' partial motion to dismiss, which seeks dismissal of Plaintiff's claims for violations of the equal protection clause under 42 U.S.C. § 1981, for municipal liability under 42 U.S.C. § 1983, for conspiracy under 42 U.S.C. §§ 1985 and 1986, and for the appointment of a monitor.  *See* Dkt. No. 40.  Defendants do

---

[1] As Defendants correctly note, "Plaintiff named then-NYPD Commissioner Edward A. Caban as a defendant in his official capacity as Police Commissioner.  The current Police Commissioner is Jessica Tisch, appointed on November 20, 2024.  Pursuant to [Fed. R. Civ. P.] 25(d), the successor of a public officer is automatically substituted as a party when the originally named public officer "ceases to hold office while the action is pending." Dkt. No. 62. "When a government official is sued in an official capacity and subsequently leaves office, the official's successor is automatically substituted. See Fed. R. Civ. P. 25(d)." *Marciano v. de Blasio*, 589 F. Supp. 3d 423, 426 (S.D.N.Y. 2022), *appeal dismissed sub nom. Marciano v. Adams*, No. 22-570-CV, 2023 WL 3477119 (2d Cir. May 16, 2023), *cert. denied*, 144 S. Ct. 286 (2023).  The Clerk of the Court is therefore directed to update the docket accordingly to replace former Commissioner Caban with Commissioner Tisch.

[2] By Order dated November 18, 2024, the Court extended the fact discovery deadline for Plaintiff's non-*Monell* claims until January 17, 2025.  *See* Dkt. No. 69.

not seek dismissal of Plaintiff's causes of action for denial of his Second Amendment rights under 42 U.S.C. § 1983 and for false arrest and imprisonment under 42 U.S.C. § 1983. *See* Dkt. No. 40. Defendants' partial motion to dismiss is set to be fully briefed by January 6, 2025. *See* Oct. 17, 2024 Dkt. Entry.

On November 17, 2024, Outgoing Counsel filed the instant motion to withdraw as counsel and to affix a retaining lien and charging lien pursuant to New York Judiciary Law § 475. *See* Dkt. No. 70. Outgoing Counsel claim that they have an "irreconcilable conflict[]" with Plaintiff, stemming, in part, from their fundamental disagreement with how Plaintiff should respond to Defendants' Fed. R. Civ. P. 68 offer of judgment. *See* Dkt. No. 70 at 7-10; Dkt. No. 76 ¶¶ 2, 8, 16-22. Outgoing Counsel claim that Plaintiff has "refus[ed] to cooperate and work" with them to "understand[] the Rule 68 Offer of Judgment by the Defendants and records necessary to substantiate damages," and they indicate that Plaintiff has retained new counsel, Todd D. Greenberg of Addabbo & Greenberg, whom they believe is giving Plaintiff bad advice. *See* Dkt. No. 70 at 7-10, 13; *see also* Dkt. No. 76 ¶¶ 2, 8, 16-22. Outgoing Counsel explains that "[c]ommunication broke down once counsel for Plaintiff explained the consequences of a Rule 68 Offer of Judgment and the difference between a Rule 68 offer and what Attorney Todd Greenberg has continued to characterize as a 'settlement' offer." Dkt. No. 70 at 8.

On November 18, 2024, the Court entered the following Order:

> ORDER re 68 . Plaintiff's counsel has moved to withdraw from this case and seeks an order imposing a retaining lien and charging lien. By November 20, 2024, Plaintiff's counsel shall supplement their motion to address: (1) the basis for withdrawal pursuant to Local Civil Rule 1.4 and the accompanying case law in this district, *see* Loc. Civ. R. 1.4; *see also Schwartz v. AMF Bowling Ctr., Inc.*, No. 19-CV-7096 (WFK) (JAM), 2024 WL 3912303, at *3 (E.D.N.Y. Aug. 23, 2024) (discussing standard for withdrawal); (2) the legal and factual grounds for their requests for retaining and charging liens under New York law; and (3) clarification of the specific

3

> amount of the charging liens sought. In particular, the court notes that Mr. Yannacone seeks a charging lien in the amount of $156,327.83, but Mr. Morris has not specified an amount or provided billing records to support his request. Defendants shall respond to the motion to withdraw by November 25, 2024.
>
> By November 25, 2024, Plaintiff shall submit a letter addressing: (1) his position on counsel's motion to withdraw; and (2) whether he intends to retain Attorney Greenberg, engage new counsel, or proceed pro se. Plaintiff shall provide his letter to Mr. Morris and Mr. Yannacone, who are directed to file it on ECF on the same day.
>
> Mr. Morris is directed to serve a copy of this order and all subsequent filings on Plaintiff by email. Additionally, Mr. Morris shall serve a copy of this order on Attorney Greenberg. If Attorney Greenberg has been retained as counsel for Plaintiff in this case, he shall file a notice of appearance by November 25, 2024.

Nov. 18, 2024 Dkt. Entry.

On November 25, 2024, Plaintiff wrote a letter to the Court wherein he indicated that he would like to terminate Outgoing Counsel "because they have abandoned by case and my wishes as their client." Dkt. No. 75-2 at 1.[3] Elaborating further, Plaintiff states, "I am terminating this relationship because I started to feel a great deal of pressure to settle the case after we received the Rule 68 settlement offer." *Id.* Plaintiff indicates that, "[t]he settlement offer is not in my best interest, and I will not accept it, due to this decision I feel [Outgoing Counsel] are abandoning the case." *Id.* Plaintiff ends his letter by stating, "[a]fter carefully thinking about the progress we have made in this case, I would like to discontinue my current legal relationship immediately and have accepted legal counsel by Mr. Todd D. Greenberg." *Id.*

That same day, Mr. Greenberg appeared in the case on Plaintiff's behalf and filed a response to the motion to withdraw on behalf of Plaintiff.[4] *See* Dkt. Nos. 73, 75. In the response, Plaintiff

---

[3] Plaintiff emailed a copy of his letter to Chambers on November 25, 2024. Mr. Greenberg subsequently filed the letter on the docket on the same day. *See* Dkt. No. 75-2.

[4] Attorney Jonathan Isidor Edelstein also appeared on Plaintiff's behalf. *See* Dkt. No. 74.

indicates that "it is necessary to refute Outgoing Counsel's defamatory accusation that Mr. Greenberg caused the rift between them and Mr. Khan by interfering in the existing attorney-client relationship. To the contrary, as set forth in Mr. Greenberg's annexed declaration, it was Mr. Khan who reached out to him because he felt that he was being coerced to accept an inadequate settlement offer." Dkt. No. 75 ¶ 4. Plaintiff indicates that he "does not oppose that part of Outgoing Counsel's motion which is for leave to withdraw," but he does oppose Outgoing Counsel's request for a retaining lien, claiming that "permitting Outgoing Counsel to retain papers would render it difficult or even impossible for incoming counsel to respond to pending motions and/or prepare for trial." *Id.* ¶ 6. With respect to Outgoing Counsel's request for a charging lien, Plaintiff argues that the Court should defer fixing the amount of the charging lien until the conclusion of this case. *Id.* ¶ 8.

Defendants take no position on the motion but point out that "a determination of the amount of the charging lien is premature at this time since there has not been a resolution in the case." *See* Dkt. No. 72.

The Court held a status conference on December 5, 2024, which Plaintiff, Mr. Greenberg, Mr. Edelstein, Mr. Morris, and defense counsel attended. *See* Dec. 5, 2024 Dkt. Entry. The Court reserved decision on the motion.

## II. Discussion

### A. Motion to Withdraw as Counsel

Motions to withdraw as counsel are governed by Local Civil Rule 1.4, which states:

> . . . Whether or not a notice of appearance is filed, an attorney for a party may be relieved or displaced only by order of the court. This

5

> order may be issued after the filing of a motion to withdraw, only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement, and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien. While a motion to withdraw is required when an attorney seeks to be relieved, an affidavit is unnecessary if other counsel from the same firm, agency, or organization has already entered a notice of appearance on behalf of the client and will remain in the case or, upon substitution of counsel by stipulation, if the stipulation is also signed by the client.
>
> All motions to withdraw must be served on the client and (unless excused by the court) on all other parties. Proof of service on the client must be filed on the docket in each case where withdrawal is sought.

Loc. Civ. R. 1.4; *see also Schwartz v. AMF Bowling Ctr., Inc.*, No. 19-CV-7096 (WFK) (JAM), 2024 WL 3912303, at *3 (E.D.N.Y. Aug. 23, 2024) (applying Local Civil Rule 1.4 to motion to withdraw).

The decision to grant or deny such a motion lies within the Court's sound discretion. *See Finkel v. Fraterrelli Brothers, Inc.*, 05-CV-1551 (ADS) (AKT), 2006 WL 8439497, at *1 (E.D.N.Y. Dec. 4, 2006). Courts consider two primary factors: (1) the reasons for withdrawal; and (2) the impact of withdrawal on the timing of the case. *Marciano v. DCH Auto Grp.*, No. 11-CV-9635 (KMK), 2016 WL 11703590, at *1 (S.D.N.Y. Feb. 2, 2016) (explaining that when deciding motions to withdraw, district courts consider "the reasons for withdrawal[] and the impact of the withdrawal on the timing of the proceeding"); *see also Krick v. Raytheon Co.*, No. 23-CV-8093, 2024 WL 4441029, at *3 (E.D.N.Y. Oct. 8, 2024), *appeal denied*, -- F. Supp. 3d -- , 2024 WL 4833685 (E.D.N.Y. Nov. 20, 2024) ("Prior to deciding the motion to withdraw, this Court considers both []the reasons for withdrawal and the impact on the timing of the proceeding." (citations omitted)).

In assessing the reasons for withdrawal, courts often refer to the New York Rules of Professional Conduct ("NYRPC"), which govern the conduct of attorneys who practice in New

6

York federal courts. *See Papadatos v. Home Depot U.S.A, Inc.*, No. 21-CV-3208 (WFK) (JMW), 2022 WL 2612353, at *1 n.1 (E.D.N.Y. June 10, 2022) ("The New York Rules of Professional Conduct govern the conduct of attorneys in federal courts sitting in New York as well as in New York State courts." (citation omitted)).

In general, the existence of an irreconcilable conflict, serious disagreements over litigation strategy, or a breakdown in communication between attorney and client are satisfactory grounds for withdrawal under Local Civil Rule 1.4. *See Krick*, 2024 WL 4441029, at *4 ("Several courts have found that serious disagreements over litigation strategy and a breakdown in communication between attorney and client are grounds sufficient for withdrawal." (citations omitted)); *Lan v. AOL Time Warner, Inc.*, No. 11-CV-2870 (LBS) (JCF), 2011 WL 5170311, at *1 (S.D.N.Y. Oct. 31, 2011) (explaining that "the existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client"). But a client's "refusal to accept a settlement offer is not a sufficient basis for a withdrawal of representation." *Jones v. Parmley*, 714 F. App'x 42, 47 (2d Cir. 2017); *see also Marrero v. Christiano*, 575 F. Supp. 837, 839 (S.D.N.Y. 1983) ("Under New York law, the refusal of a client to accept a settlement offer is not good and sufficient cause for the withdrawal"); *Vaughn v. Am. Tel. & Tel. Co.*, No. 96-CV-0989 (LAK), 1998 WL 760230, at *1 (noting that refusal of a client to accept settlement offer "does not amount to good cause for withdrawal" without further compelling reasons).

Here, Outgoing Counsel has demonstrated satisfactory reasons for withdrawal. It is undisputed that irreconcilable conflicts have arisen regarding litigation and settlement strategy, resulting in a breakdown of the attorney-client relationship. Plaintiff has expressed strong dissatisfaction with Outgoing Counsel, claiming that they abandoned his case after he refused to accept the Rule 68 offer of judgment. *See* Dkt. No. 75-2 at 1. Conversely, Outgoing Counsel

7

argues that Plaintiff has "refus[ed] to cooperate and work" with them to "understand[] the Rule 68 Offer of Judgment by the Defendants and records necessary to substantiate damages." Dkt. No. 70 at 13.  Outgoing Counsel argues that Plaintiff has replaced them with Mr. Greenberg, whom they accuse of interfering with the attorney-client relationship to such a point that they can no longer effectively represent Plaintiff's interests in this case.[5] *See id.* at 12.

While the disagreements between Plaintiff and Outgoing Counsel are significant, the decision on how to proceed with the case ultimately lies with Plaintiff.  *See Holcombe v. US Airways Grp., Inc.*, No. 08-CV-1593 (SLT) (JO), 2017 WL 10084142, at *11 (E.D.N.Y. Aug. 4, 2017) ("the 'decision of whether to settle' is the clients' not the attorneys'" (quoting 22 N.Y.C.C.R. § 1210.1)).  It is clear from the record that Plaintiff and Outgoing Counsel have an irreconcilable conflict over litigation and settlement strategy, which has contributed to the breakdown in the attorney-client relationship.  Plaintiff has also retained new counsel, further indicating the need for Outgoing Counsel to withdraw.

Accordingly, the Court finds that Outgoing Counsel has presented satisfactory reasons for withdrawal under Local Civil Rule 1.4.  *See Jones v. Parmley*, No. 98-CV-0374 (FJS) (TWD), 2015 WL 13821160, at *6 (N.D.N.Y. Jan. 7, 2015) (granting motion to withdraw "based upon the breakdown of the attorney-client relationship and substantial differences of opinion concerning trial strategy"), *aff'd*, 714 F. App'x 42 (2d Cir. 2017); *Casper*, 1999 WL 335334, at *4 ("[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client."); *see also Joffe v. Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C.*, 827 F. App'x 35, 38 (2d Cir. 2020) (affirming decision permitting withdrawal of

---

[5] On this point, Outgoing Counsel have made the record clear regarding their concerns, and fundamental disagreements with, the advice Plaintiff has purportedly received from Mr. Greenberg about how to proceed with this case.  Dkt. No. 76 ¶¶ 5-23; *see also* Dkt. No. 70 at 7-10.

counsel where the breakdown of the relationship was not predominantly due to client's settlement position); *Schwartz*, 2024 WL 3912303, at *4 (granting motion to withdraw where plaintiff terminated the attorney-client relationship).

The Court also finds that withdrawal will not unreasonably delay the progress of this case. New counsel has already appeared, and the case remains in the fact discovery phase on Plaintiff's non-*Monell* claims, with briefing ongoing on Defendants' motion to dismiss. Any disruption caused by Outgoing Counsel's withdrawal is therefore minimal. *See Stair v. Calhoun*, 722 F. Supp. 2d 258, 265 (E.D.N.Y. 2010) (granting withdrawal where "the litigation has only passed the motion to dismiss stage); *Bueno v. Allcity Med., P.C.*, No. 22-CV-2216 (JGLC) (KHP), 2023 WL 7001398, at *2 (S.D.N.Y. Oct. 17, 2023) (granting withdrawal where discovery has not yet closed and the case is not on the verge of trial readiness); *Delgado v. Donald J. Trump for President, Inc.*, No. 19-CV-11764 (AT) (KHP), 2023 WL 2975155, at *3 (S.D.N.Y. Mar. 10, 2023) (granting withdrawal where case is still in discovery and no trial has been scheduled); *Taub v. Arrayit Corp.*, No. 15-CV-1366 (ALC) (JLC), 2016 WL 4146675, at *2 (S.D.N.Y. Aug. 4, 2016) (granting motion to withdraw because "this case is not on the verge of trial, and a delay of potential motion practice 'will not disrupt the proceedings to the point where denial would be warranted.'" (citation omitted)); *S.E.C. v. Gibraltar Glob. Sec., Inc.*, No. 13-CV-2575 (GBD) (JCF), 2015 WL 2258173, at *3 (S.D.N.Y. May 8, 2015) ("In cases where discovery has not yet closed and trial is months away, the impact of withdrawal is typically not substantial enough to counsel against it.").

Accordingly, the Court **GRANTS** Outgoing Counsel's motion to withdraw as Plaintiff's counsel.

    **B.**    **Charging Lien & Retaining Lien**

Outgoing Counsel also seek a charging lien and retaining lien for work performed and costs incurred in handling Plaintiff's case.  *See* Dkt. No. 70 at 15-21.

### 1. Charging lien

"Under New York law, an attorney who is discharged is statutorily entitled to a charging lien on any monetary recoveries obtained by the former client in the proceedings in which the attorney had rendered legal services." *Naguib v. Pub. Health Sols.*, No. 12-CV-2561 (ENV) (LB), 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (quoting *Stair*, 722 F. Supp. 2d at 267).  The lien "attaches to the client's ultimate recovery in the same case." *Casper*, 1999 WL 335334, at *8; *see LMWT Realty Corp. v. Davis Agency Inc.*, 85 N.Y.2d 462, 467 (1995) ("[T]he charging lien does not merely give an attorney an enforceable right against the property of another, it gives the attorney an equitable ownership interest in the client's cause of action.").

Specifically, N.Y. Judiciary Law § 475 provides:

> From the commencement of an action . . . the attorney who appears for a party has a lien upon his or her client's cause of action . . . which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.

N.Y. Judiciary Law § 475.

To enforce a charging lien, the attorney must have withdrawn with "good cause." *See, e.g.*, *Stair*, 722 F. Supp. 2d at 267 (collecting cases); *Hallmark Cap. Corp. v. Red Rose Collection, Inc.*, No. 96-C-V-2839 (RPP) (AJP), 1997 WL 661146, at *3 (S.D.N.Y. Oct. 21, 1997) ("if an attorney withdraws without 'good cause' or is discharged with 'good cause,' he loses his charging lien"); *Joffe v. King & Spalding LLP*, 337 F. Supp. 3d 366, 378 (S.D.N.Y. 2018) ("An attorney who himself terminates his representation of a client is still entitled to enforce his charging liens, so

10

long as the attorney does not withdraw without 'good cause.'"); *Antonmarchi v. Consol. Edison Co. of N.Y.*, 678 F. Supp. 2d 235, 241 (S.D.N.Y. 2010) ("It is well-settled that an attorney loses his right to enforce a charging lien if the attorney withdraws or is discharged for cause." (citation omitted)); *Jones*, 2015 WL 13821160 at *9 ("Under New York law, an attorney must have good cause to withdraw or the charging lien may be lost.").

While Local Civil Rule 1.4 governs withdrawal under a "satisfactory reasons" standard, a charging lien under N.Y. Judiciary Law § 475 requires a higher threshold of "good cause." *See Hallmark Cap. Corp.*, 1997 WL 661146, at *3 ("Plaintiff's new counsel apparently has confused the Local Civil Rule 1.4 'satisfactory reasons' standard with the 'good cause' standard applicable to an attorney's charging lien under New York Judiciary Law § 475."). Thus, "[w]hile a finding of 'good cause' for charging lien purposes by definition would include 'satisfactory reasons' for withdrawal under Local Civil Rule 1.4, the converse is not necessarily true." *Id.* For example, "while a withdrawal motion may be granted upon a showing of irreconcilable differences between attorney and client, '[t]he charging lien issue . . . may involve investigation into who caused the differences.'" *Stinson v. City of New York*, No. 18-CV-0027 (LAK) (BCM), 2018 WL 11257424, at *3 (S.D.N.Y. Nov. 26, 2018) (quoting *Hallmark Cap. Corp.*, 1997 WL 661146, at *3)).

Misconduct, negligence, or improper handling of the case may result in forfeiture of the lien. *See Garcia v. Teitler*, No. 04-CV-832 (JG), 2004 WL 1636982, at *5 (E.D.N.Y. July 22, 2004) (collecting cases) (explaining that New York courts "have not explicitly defined 'cause'" in the context of charging liens, but "the case law reflects that it means that the attorney has engaged in some kind of misconduct, has been unreasonably lax in pursuing the client's case, or has otherwise improperly handled the case"). By contrast, "[w]here an attorney is discharged not because he or she neglected to properly represent the client but because of 'personality conflicts,

11

misunderstandings or differences of opinion having nothing to do with any impropriety by . . . the lawyer,' the discharge is not 'for cause' and the attorney does not forfeit his or her fee." *Gurry v. Glaxo Wellcome, Inc.*, No. 98-CV-6243 (DC), 2000 WL 1702028, at *2 (S.D.N.Y. Nov. 14, 2000) (quoting *Klein v. Eubank*, 640 N.Y.S.2d 443, 445 (1996)).

Here, Outgoing Counsel assert that Plaintiff failed to cooperate, rejected their advice on litigation strategy, and replaced them with new counsel, rending their continued representation of Plaintiff unreasonably difficult. Plaintiff, however, asserts that Outgoing Counsel improperly pressured him to accept the Rule 68 offer of judgment and "abandoned" his case when he refused. While attorneys are permitted to advise clients on settlement strategy, the ultimate decision to settle rests with the client, and an attorney's interference with that decision "can constitute misconduct sufficient to warrant discharge for cause and forfeiture of counsel's fee." *Stinson*, 2018 WL 11257424 at *4 (quoting *Holcombe v. US Airways Grp., Inc.*, No. 08-CV-1593 (SLT) (JO), 2017 WL 1184104, at *4 (E.D.N.Y. Mar. 29, 2017), *aff'd sub nom. Holcombe v. Matsiborchuk*, 747 F. App'x 875 (2d Cir. 2018)). Thus, if Outgoing Counsel's actions constituted undue interference with Plaintiff's settlement decision, these actions would undermine their claim to a charging lien. *See Holcombe*, 2017 WL 1184104, at *7 (extinguishing charging lien where attorney threatened to abandon the case unless client ceded settlement control); *see also Stinson*¸ 2018 WL 11257424 at *5 (discussing *Holcombe* and holding that outgoing counsel forfeited right to charging lien where emails established "that the attorney-client relationship broke down, in substantial part" because counsel informed plaintiff that they would withdraw from representation if she did not accept the court's settlement recommendation).

While the Court has already determined that Outgoing Counsel has demonstrated satisfactory reasons for withdrawal under Local Civil Rule 1.4, the Court cannot determine, based

12

on the current record, whether Outgoing Counsel's withdrawal was motivated by improper conduct or interference with Plaintiff's right to settle, or if the irreconcilable conflict stems from a fundamental disagreement over the merits of the Rule 68 offer and Plaintiff's broader litigation strategy. The resolution of this issue will therefore require additional investigation and a hearing. *See Jones v. Parmley*, No. 98-CV-0374 (FJS) (TWD), 2015 WL 13821160, at *9 (N.D.N.Y. Jan. 7, 2015) (granting motion to withdraw but "choos[ing] not to exercise jurisdiction over the charging lien issue" because "resolving a charging lien issue may involve more of an investigation into who caused the differences between attorney and client, what may be considered a reasonable fee, and may require a 'trial-like hearing' to resolve"), *aff'd*, 714 F. App'x 42 (2d Cir. 2017); *Ross v. Mitsui Fudosan, Inc.*, No. 97-CV-0975 (PKL) (RLE), 1999 WL 799534, at *2 (S.D.N.Y. Sept.1, 1999) ("Where the parties dispute whether the client dismissed the attorney for cause, and the value of the work performed, an evidentiary hearing is necessary to 'determine[] whether or not the attorney has so conducted [her]self in [her] professional obligations or employment as to deprive [her] of any recovery.'").

At this stage of the litigation, however, it is premature for the Court to hold such a hearing. It would be an inefficient use of judicial resources for the Court and the parties to be side-tracked with this ancillary fee-related issue, particularly when a determination in Outgoing Counsel's favor would require the Court to resolve the corollary issue of the reasonable value of Outgoing Counsel's services. The more prudent path forward is for the Court to hold a hearing at the conclusion of this litigation to determine whether Outgoing Counsel was discharged for cause, and if not, the amount of fees in *quantum meruit*. *See Universal Acupuncture Pain Servs., P.C.*, 370 F.3d at 263 (holding that the district court did not abuse its discretion by waiting until the conclusion of the underlying litigation to determine whether outgoing counsel was discharged for

13

cause, and if not, the amount of fees in *quantum meruit*); *Holcombre v. U.S. Airways Grp., Inc.*, No. 03-CV-4785 SLT JMA, 2014 WL 4907141, at *1 (E.D.N.Y. Sept. 30, 2014) (denying request for a charging lien "without prejudice to renew after the conclusion of the litigation"); *see also Schwartz*, 2024 WL 3912303, at *5 (deferring calculating value of lien until conclusion of case).

The Court recognizes Outgoing Counsel's interest in securing their right to recover fees; however, deferring the determination of the charging lien until the conclusion of this litigation does not unfairly prejudice their position. Case law makes clear that an attorney's charging lien is not automatically forfeited unless the attorney has "without just cause[,] neglect[ed], or refuse[d] to proceed with the prosecution of the case.'" *Hampshire Grp. Ltd. v. Scott James Co.*, No. 14-CV-2637 (JGK) (MHD), 2015 WL 5306232, at *6 (S.D.N.Y. July 27, 2015) (quoting *Koury v. United Tribes of Afr. News, Inc.*, No. 02-CV-0023 (GWG), 2003 WL 21279441, at *2 (S.D.N.Y. June 4, 2003)). At this juncture, the Court has reserved the issue of whether Outgoing Counsel's withdrawal constitutes "good cause" under Judiciary Law § 475. Consequently, Outgoing Counsel retains their right to seek appropriate compensation for services rendered, and the deferment of the charging lien determination merely postpones, rather than extinguishes, their opportunity for relief. *See id.*; *see also Shalom Toy, Inc. v. Each And Every One of the Members of the New York Prop. Ins. Underwriting Ass'n*, 239 A.D.2d 196, 198 (1st Dep't 1997) ("[U]nless the representation terminates as a result of attorney misconduct, discharge for cause, or unjustified abandonment by the attorney, the attorney's right to compensation is preserved.").

Accordingly, Outgoing Counsel's request to affix a charging lien is denied without prejudice to renew at the conclusion of this litigation.

**2.      Retaining lien**

A retaining lien is a "security interest," arising under state common law, in "all client papers and property, including money, that come into the attorney's possession in the course of employment." *Resol. Tr. Corp. v. Elman*, 949 F.2d 624, 626 (2d Cir. 1991). The lien permits an attorney to keep all such client property "as security against payment of fees . . . unless the attorney is discharged for good cause." *Id.* (citing *People v. Keeffe*, 50 N.Y.2d 149, 155-56 (1980)); *accord Pomerantz v. Schandler*, 704 F.2d 681, 683 (2d Cir. 1983) (citing *In re San Juan Gold Inc.*, 96 F.2d 60 (2d Cir. 1938)).

Here, Outgoing Counsel's request for a retaining lien is denied as moot because, as discussed on the record at the December 5, 2024 conference, defense counsel has agreed to provide Mr. Greenberg and Mr. Edelstein Bates-stamped copies of the documents produced during discovery.

### III.  Conclusion

For the reasons stated above, the portion of Outgoing Counsel's motion that seeks to withdraw as counsel for Plaintiff is **GRANTED**, the portion of the motion that seeks to affix a charging lien is denied without prejudice to renew at the conclusion of the litigation, and the portion of the motion that seeks to affix a retaining lien is **DENIED** as moot. The Clerk of Court is directed to terminate Mr. Morris and Mr. Yannacone, Jr. from this case.

Dated:    Brooklyn, New York              **SO ORDERED.**
          December 7, 2024

                                           */s/ Joseph A. Marutollo*
                                          JOSEPH A. MARUTOLLO
                                          United States Magistrate Judge