

|  | THE CITY OF NEW YORK | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JESSICA KATZEN**<br>Assistant Corporation Counsel<br>jkatzen@law.nyc.gov<br>Phone: (212) 356-1646 |

July 16, 2025

**VIA ECF**
Honorable Joseph A. Marutollo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Raffique Khan v. City of New York, et. al*.
              24 CV 2168 (ARR) (JAM)

Your Honor:

      I am Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, one of the attorneys for Defendants City of New York, Mayor Eric L. Adams, Commissioner Jessica Tisch, Deputy Commissioner Michael Gerber, Police Officer Matthew S. Bessen, former Officer Joseph Astarita, Officer Jeisen Jara, Officer Joseph Jacobsen, Sergeant Patrick Hughes, Officer Mohamed Eldiastry, Officer Thomas Costigan, and Officer Noah Nicholson ("Defendants") in the above-referenced action. I write to provide the Court with a joint status report pursuant to Your Honor's June 18, 2025 Order.

      Parties continue to engage in non-*Monell* discovery. Pursuant to Your Honor's Order dated September 23, 2024, *Monell* discovery is stayed pending a decision on the Defendants' partial motion to dismiss. The deposition of Officer Thomas Costigan took place on July 8, 2025. Defendants served responses to Plaintiff's second set of document demands on July 10, 2025, and have no outstanding discovery requests to respond to. A deposition of Detective Malcolm Lewis from the NYPD Police Laboratory – Firearm Analysis Section is scheduled for July 31, 2025.

      Plaintiff's responses to Defendants' second set of document demands and interrogatories, served on December 23, 2024, are outstanding. On June 30, 2025, Defendants requested for Plaintiff to provide contact information for the two non-party witnesses present during Plaintiff's arrest to subpoena these individuals for depositions. That same day, Plaintiff

indicated addresses would be provided, however, Defendants have not been provided the addresses. Following the deposition of Officer Costigan, the parties met and conferred and discussed these depositions and outstanding discovery. Defendants again requested these addresses.

Plaintiff intends to seek leave to amend his *Monell* claim in light of the discovery that has been taken, including but not limited to adding allegations of failure to train NYPD personnel concerning the various categories of gun license and the rights associated therewith; failure to train NYPD personnel concerning developments in Second Amendment jurisprudence; and failure to establish and implement policies to ensure that the Second Amendment rights of lawful carry permit holders were respected, all with deliberate indifference to the Second Amendment rights of the citizens of New York City including Plaintiff. Defendants intend to oppose this request.

Respectfully submitted,

/s/ *Jessica Katzen*
Jessica Katzen
Assistant Corporation Counsel

To: **VIA ECF**
Todd Greenberg
Jonathan Edelstein
*Attorneys for Plaintiff*